UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|   |   |   |
|---|---|---|
| EDWIN DEAN EPPS, OLIVIA C. TORRES, and RICHARD (RICK) G. JONES, JR., for themselves and on behalf of all similarly situated individuals, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 3:17-CV-00253-JAG |
| ORANGE LAKE COUNTRY CLUB, INC., d/b/a Orange Lake Resort and Country Club, Orange Lake Resort and Country Club, Inc., and Orange Lake Resorts, | ) ) ) ) ) ) ) | |
| and | ) ) | |
| OLCC Virginia, LLC, | ) ) | |
| and | ) ) | |
| Orange Lake Holdings, LLP, d/b/a Orange Lake Resorts, | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVES DEFENSES

Defendants Orange Lake Country Club, Inc. ("OLCCI") and OLCC Virginia, LLC ("OLCCVA") and Orange Lake Holdings, LLP ("OLH"), hereby submit their Answer and Affirmative Defenses in response to the Amended Complaint filed on August 8, 2017 (Doc. 21) by Plaintiffs Edwin Dean Epps ("Epps"), Olivia C. Torres ("Torres") and Richard G. Jones, Jr. ("Jones") (sometimes collectively the "Plaintiffs").

# ANSWER

OLCCI, OLCCVA and OLH (sometimes collectively the "Defendants") hereby respond as follows to each correspondingly-numbered paragraph of the Amended Complaint:

## INTRODUCTION[1]

1. It is admitted that the Amended Complaint purports to be brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), and that the FCRA speaks for itself. It is specifically denied that Plaintiffs have standing under Article III of the United States Constitution to bring this putative class action under the FCRA. Otherwise denied.

2. It is admitted that Plaintiffs applied for jobs with OLCCVA. Defendants specifically deny that they obtained any consumer reports concerning Plaintiffs from Insurance Information Exchange, LLC d/b/a iiX ("iiX"). Otherwise denied.

3. Defendants specifically deny Plaintiffs' false characterization of the contents of any purported consumer reports that Defendants may have obtained concerning Plaintiffs. Otherwise denied.

4. Denied.

5. Denied.

6. Defendants specifically deny that they unlawfully accessed Plaintiffs' background reports, as Plaintiffs admit elsewhere in the Amended Complaint that they expressly authorized Defendants to obtain criminal background reports about them. Otherwise denied.

---

[1] For consistency alone, Defendants use the same section headings employed by Plaintiffs in the Amended Complaint. Although these headings are not allegations to which a response is required under Rule 8(b), to the extent a response is required by the Court, Defendants deny the section headings.

## JURISDICTION AND VENUE

7. Defendants specifically deny that this Court has subject matter of this case under the FCRA or any other federal statute because Plaintiffs do not have standing under Article III of United States Constitution. Otherwise denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. It is admitted that Epps applied for a job with OLCCVA. Otherwise without knowledge, therefore denied.

11. It is admitted that Torres and Jones applied for jobs with OLCCVA. Otherwise without knowledge, therefore denied.

12. Admitted

13. Denied as framed. It is admitted that OLCCVA offers time shares in the State of Virginia. Otherwise denied.

14. Denied as framed. It is admitted that potential time share purchasers may attend sales presentations and take tours of OLCCVA's time share properties. Otherwise denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. It is admitted that Orange Lake Holdings does not maintain a registered agent for service of process in Virginia. Otherwise denied.

## NAMED PARTIES

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. It is admitted that OLCCI is a Florida corporation maintaining its principal office located at 8505 W. Irlo Bronson Memorial Highway, Kissimmee, Florida 34747. Otherwise denied.

24. It is admitted that OLCCVA is a Delaware corporation maintaining its principal office located at 8505 W. Irlo Bronson Memorial Highway, Kissimmee, Florida 34747. Otherwise denied.

25. It is admitted that OLH is a Florida limited liability partnership maintaining its principal office located at 8505 W. Irlo Bronson Memorial Highway, Kissimmee, Florida 34747. Otherwise denied.

26. It is admitted that OLH is an owner of OLCCI and OLCCVA. Otherwise denied.

27. Denied as framed. It is admitted that OLCCI and OLCCVA operate time share vacation resorts. Otherwise denied.

28. Denied as framed. The allegations in paragraph 28 are too vague and ambiguous to admit or deny. Defendants are without sufficient knowledge or information to form a belief about the truth of these allegations, so they are therefore denied. To the extent that Defendants are required to respond to the internet article referenced in paragraph 28, it is denied. Otherwise denied.

29. Denied as framed. The allegations in paragraph 29 are too vague and ambiguous to admit or deny. Defendants are without sufficient knowledge or information to form a belief about the truth of these allegations, so they are therefore denied. Otherwise denied.

30. Denied as framed. The allegations in paragraph 30 are too vague and ambiguous to admit or deny. Defendants are without sufficient knowledge or information to form a belief about the truth of these allegations, so they are therefore denied. To the extent that Defendants are required to respond to the internet article referenced in paragraph 28, it is denied. Otherwise denied.

31. Denied.

32. Denied.

33. It is unclear to which "Plaintiff" paragraph 33 refers. Defendants are without sufficient knowledge or information to form a belief about the truth of these allegations, so they are therefore denied. Otherwise denied.

34. It is unclear to which "Plaintiff" paragraph 34 refers. Defendants are without sufficient knowledge or information to form a belief about the truth of these allegations, so they are therefore denied. Otherwise denied.

**UNNAMED PARTIES**

35. It is admitted that Sterling Infosystems, Inc. ("Sterling") provided criminal background reports for certain individuals who applied for employment with OLCCI or OLCCVA. It is unclear to which "Plaintiff" paragraph 35 applies. Defendants are without sufficient knowledge or information to form a belief about the truth of these allegations, so they are therefore denied. Otherwise denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. It is specifically denied that Defendants obtained a "driving record consumer report" for Plaintiffs. Otherwise denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

## FACTS AS TO PLAINTIFFS[2]

41. It is admitted that Epps applied for a job with OLCCVA. Otherwise denied.

42. It is admitted that Torres and Jones applied for jobs with OLCCVA. Otherwise denied.

43. It is admitted that Plaintiffs each knowingly signed written authorizations permitting the procurement of a report on their criminal background history and driving history. Otherwise denied.

44. Denied.

45. It is specifically denied that Defendants improperly obtained or used any report concerning Plaintiffs' respective criminal histories or driving histories. Otherwise denied.

46. It is specifically denied that Defendants improperly obtained or used any report concerning Plaintiffs' respective criminal histories or driving histories. Otherwise denied.

47. It is specifically denied that Defendants violated section 1681b(b)(2). Otherwise denied.

48. Denied.

49. It is admitted that the forms Plaintiffs used to authorize OLCCVA to obtain reports on their criminal histories was drafted and prepared by Sterling. Otherwise denied.

---

[2] Plaintiffs improperly transform what should be a "short and plain statement showing that [they] are entitled to relief" into a legal brief by including legal arguments and copious case citations. Aside from pointlessly deviating from the requirements of Rule 8, this hybrid pleading/brief needlessly lengthens the Amended Complaint, and includes a plethora of additional assertions to which Defendants cannot answer. See, e.g., Jones v. Kern High Sch. Dist., CVF071628OWW/TAG, 2008 WL 3850802, at *2 (E.D. Cal. Aug. 14, 2008) ("Plaintiff is ordered to delete all cases citations and allegations discussing cases from the Fourth Amended Complaint. These allegations essentially constitute legal argument and/or legal conclusions and have no place in a complaint. Further, they make reading and analyzing the pleading very difficult and cannot be admitted or denied by the Defendants."). To the extent that Defendants are required to respond to these unnecessary legal arguments and case citation, they are denied. Defendants submit that these arguments and citations should nevertheless be stricken.

50. Denied.

51. It is admitted that the cited case speaks for itself. Otherwise denied.

52. It is admitted that the cited cases speak for themselves. Otherwise denied.

53. It is admitted that the cited case speaks for itself. Otherwise denied.

54. It is specifically denied that Plaintiffs completely or accurately quote the referenced form. Defendants specifically deny Plaintiffs' mischaracterization of the language contained in the referenced form, and the inappropriate inferences Plaintiffs attempt to pull from their mischaracterizations. Otherwise denied.

55. It is specifically denied that Plaintiffs completely or accurately quote the referenced form. Defendants specifically deny Plaintiffs' mischaracterization of the language contained in the referenced form, and the inappropriate inferences Plaintiffs attempt to pull from their mischaracterizations. Otherwise denied.

56. It is specifically denied that the forms referenced misstate the law, or that Defendants placed an impermissible time restriction upon Plaintiffs' ability to contest or dispute any information contained in any report.

57. It is specifically denied that any language in the referenced forms is confusing or impermissible. Otherwise denied.

58. It is admitted that the FCRA speaks for itself. It is specifically denied that the language in the referenced forms is susceptible to confusing a reader, or can possibly support the mischaracterizations Plaintiffs use in describing them. Otherwise denied.

59. It is specifically denied that the referenced forms are inaccurate or violate the FCRA. Otherwise denied.

60. It is specifically denied that Plaintiffs completely or accurately quote the referenced form. Defendants specifically deny Plaintiffs' mischaracterization of the language contained in the referenced forms, and the disingenuous inferences Plaintiffs attempt to pull from their mischaracterizations. Otherwise denied.

61. Denied.

62. Without knowledge, therefore denied.

63. It is admitted that the referenced forms are not waivers or releases, do not contain any language actually constituting a waiver or release, and could not be reasonably construed as a waiver or release. It is specifically denied that the language contained in the referenced forms is confusing, or that Plaintiffs were confused by the language. Otherwise denied.

64. It is admitted that the cited cases speak for themselves. Otherwise denied.

65. It is admitted that the cited cases speak for themselves. Otherwise denied.

66. It is specifically denied that the referenced forms contain any release of liability language. Otherwise denied.

67. It is admitted that the FCRA and the cited cases speak for themselves. Otherwise denied.

68. It is admitted that the purported "Driving Record" form appears to use a larger font than the form that Plaintiffs knowingly signed authorizing OLCCVA to conduct a check of their criminal histories. Otherwise denied.

69. Denied.

70. Denied.

71. Denied.

72. It is specifically denied that Defendants obtained any unauthorized or impermissible reports about Plaintiffs. Otherwise denied.

73. It is specifically denied that Defendants violated section 1681b(b)(2) of the FCRA. Otherwise denied.

74. Defendants are without knowledge as to Plaintiffs knowledge. Otherwise denied.

75. It is admitted that Epps is no longer employed by OLCCVA. Otherwise denied.

76. It is admitted that Torres is no longer employed by OLCCVA. Otherwise denied.

77. It is admitted that Jones is no longer employed by OLCCVA. Otherwise denied.

78. It is specifically denied that Torres' or Jones' purported rights under the FCRA were violated. Otherwise denied.

79. It is specifically denied that Epps' purported rights under the FCRA were violated. Otherwise denied.

   A.   **Statutory Provisions.**

80. It is admitted that section 1681b(b)(2) of the FCRA speaks for itself. Otherwise denied.

81. It is admitted that the FCRA speaks for itself. Otherwise denied.

82. It is specifically denied that Defendants obtained any unauthorized reports about Plaintiffs, or otherwise violated the FCRA. Otherwise denied.

   B.   **Injury-In-Fact Allegations for Disclosure and Authorization Violation.**

83. It is admitted that the FCRA and the case cited speak for themselves. It is specifically denied that Plaintiffs suffered an injury-in-fact, or otherwise have Article III standing. Otherwise denied.

84. It is admitted that the FCRA and the case cited speak for themselves. It is specifically denied that Plaintiffs suffered an injury-in-fact or otherwise have Article III standing. Otherwise denied.

85. It is admitted that the FCRA and the case cited speak for themselves. It is specifically denied that Plaintiffs suffered an injury-in-fact or otherwise have Article III standing. Otherwise denied.

86. It is specifically denied that Defendants deprived Plaintiffs of any information to which they are supposedly entitled under the FCRA, or otherwise violated the FCRA. It is also specifically denied that Plaintiffs suffered an injury-in-fact, or otherwise have Article III standing. Otherwise denied.

87. It is admitted that Plaintiffs knowingly authorized Defendants, in writing, to obtain a report on their respective criminal histories and driving histories. It is also admitted that the cited case speaks for itself. It is specifically denied that Defendants invaded Plaintiffs' privacy, or otherwise violated the FCRA. It is also specifically denied that Plaintiffs suffered an injury-in-fact, or otherwise have Article III standing. Otherwise denied.

88. It is specifically denied that Plaintiffs, or any putative class member, suffered a concrete or particularized injury-in-fact, or otherwise have Article III standing. It is also specifically denied that Defendants caused a purported "informational injury" or breached Plaintiffs' purported right to privacy, or otherwise violated the FCRA. Otherwise denied.

89. It is admitted that the cited case speaks for itself. It is specifically denied that Defendants caused a purported "informational injury," or any other concrete and particularized injury. It is also specifically denied that Defendants violated the FCRA. And it is specifically denied that Plaintiffs have Article III standing. Otherwise denied.

90. It is admitted that the cited case speaks for itself. It is also admitted that Plaintiffs knowingly authorized Defendants, in writing, to obtain reports concerning Plaintiffs' respective criminal histories and driving histories. It is also specifically denied that Plaintiffs' purported right to privacy was invaded, or that Plaintiffs otherwise suffered an injury-in-fact, or otherwise have Article III standing. And it is specifically denied that Defendants violated the FCRA. Otherwise denied.

91. It is specifically denied that Defendants violated Plaintiffs' purported right to privacy, or otherwise violated the FCRA. It is also specifically denied that Plaintiffs suffered an injury-in-fact, or otherwise have Article III standing. Otherwise denied.

92. It is specifically denied that Defendants invaded Plaintiffs' purported right to privacy, or that Defendants' conduct in any way created a foreseeable risk of harm. It is also specifically denied that Defendants "required" Plaintiffs to do anything, misstated the law, or otherwise violated the FCRA. And it is specifically denied that Plaintiffs were misled, confused, suffered an injury-in-fact, or otherwise have Article III standing. Otherwise denied.

93. It is admitted that Plaintiffs knowingly authorized Defendants, in writing, to obtain a report concerning their respective criminal histories and driving histories. It is specifically denied that Defendants violated Plaintiffs' purported right to privacy, or otherwise violated the FCRA. It is also specifically denied that Plaintiffs suffered an injury-in-fact, or otherwise have Article III standing. Otherwise denied.

94. Denied.

95. It is specifically denied that Defendants violated Plaintiffs' purported right to privacy, or otherwise violated the FCRA. It is also specifically denied that Plaintiffs suffered an injury-in-fact, or otherwise have Article III standing. Otherwise denied.

96. Denied.

C. **Defendants Acted Willfully.**

97. Defendants admit that they are aware of their obligations under the FCRA, but specifically deny any allegations or inferences that they did not comply with the FCRA. Otherwise denied.

98. Defendants admit the existence of written material discussing the FCRA. Defendants specifically deny any allegations or inferences that they did not comply with the FCRA. Otherwise denied.

99. It is admitted that the cited cases speak for themselves. Otherwise denied.

100. Denied.

101. It is admitted that the FCRA speaks for itself. Otherwise denied.

102. Without knowledge, therefore denied.

103. Defendants did not procure any reports about Plaintiffs from iiX, therefore denied. Otherwise denied.

104. It is admitted that the referenced contracts speak for themselves. Otherwise denied.

105. It is specifically denied that Defendants violated the FCRA, or otherwise breached Plaintiffs' (or the putative class members') purported rights.

106. It is specifically denied that Defendants violated § 1681b(b)(2)(A), or any other provision, of the FCRA. Otherwise denied.

107. It is specifically denied that Defendants violated the FCRA. Otherwise denied.

108. Denied.

## ALLEGATIONS APPLICABLE TO EACH COUNT

109. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

110. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

111. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

112. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

113. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

114. It is specifically denied that Defendants violated the FCRA, and that class treatment is appropriate in this action. Otherwise denied.

115. Denied.

### COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(2)(A)(i)
### Regarding the "General" Form

116. Defendants restate each of the allegations in the preceding paragraphs as if fully set forth herein.

117. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

### COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(2)(A)(i)
### Regarding the "Driving" Form

118. Defendants restate each of the allegations in the preceding paragraphs as if fully set forth herein.

119. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

### COUNT THREE: VIOLATION OF THE FCRA § 1681b(b)(2)(A)(ii)
### Lack of Proper Authorization

120. Defendants restate each of the allegations in the preceding paragraphs as if fully set forth herein.

121. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

### COUNT FOUR: VIOLATION OF THE FCRA § 1681b(b)(2)(A)
### Impermissible Pulling of Reports

122. Defendants restate each of the allegations in the proceedings paragraphs as if fully set forth herein.

123. It is specifically denied that class treatment is appropriate in this action. Otherwise denied.

124. It is specifically denied that this Count is meaningfully different from the previously stated counts, that this Count makes sense, or that this Count is cognizable under the FCRA, the Federal Rules of Civil Procedure, or any other applicable law. Otherwise denied.

125. Denied. The "incorporation" allegation of this paragraph should be stricken from the Amended Complaint as the incorporation of every paragraph into every other paragraph creates an impermissible shotgun pleading, and renders the Amended Complaint incoherent. Otherwise denied.

### Global Denial

Defendants hereby deny each and every allegation and inference in the Amended Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses without assuming the burden of proof where the burden of proof rests on the Plaintiffs:

### First Affirmative Defense

Plaintiffs lack Article III standing to assert claims under § 1681b(b)(2) because they have not suffered any concrete or particularized injury as a result of Defendants' alleged conduct.

### Second Affirmative Defense

Plaintiffs have failed to state a cause of action against Defendants for which relief can be granted, and also fail to state facts sufficient to entitle Plaintiffs to the relief sought. In particular, and without limitation, Plaintiffs (a) were not deprived any information to which they are entitled under the law, and (b) knowingly authorized Defendants, in writing, to obtain reports on their respective criminal histories and background histories. Additionally, Defendants never procured any reports on Plaintiffs' driving histories, and thus cannot be held liable under § 1681b(b)(2) for the purported "Driving Form."

### Third Affirmative Defense

Defendants acted in compliance with the FCRA, and are entitled to every defense entitled to them under the law.

### Fourth Affirmative Defense

Plaintiffs' claims are barred because any purported violation of the FCRA – which Defendants deny – was not willful. Instead, Defendants' conduct was objectively reasonable based upon (a) their interpretation and application of the FCRA, (b) the information that they possessed, and (c) their agreements and discussions with Sterling.

**Fifth Affirmative Defense**

Defendants had in place and applied reasonable procedures to assure maximum possible compliance with the FCRA, and otherwise made good faith efforts at all times to comply with the FCRA.

**Sixth Affirmative Defense**

Plaintiffs are not entitled to any damages, especially punitive damages, because Defendants made good faith efforts to comply with the FCRA.

**Seventh Affirmative Defense**

To the extent Plaintiffs can establish any legally cognizable damages – which Defendants deny – such damages were caused by Plaintiffs' own conduct, including but not limited to their express authorizations for Defendants to procure their respective reports.

**Eighth Affirmative Defense**

To the extent Plaintiffs can establish any legally cognizable damages – which Defendants deny – Defendants were not the cause in fact of any such damages, which would have been incurred irrespective of any actions or inactions of Defendants.

**Ninth Affirmative Defense**

To the extent that Plaintiffs can establish any legally cognizable damages – which Defendants deny – Defendants were not the legal or proximate cause of such damages. Instead, any such damages were caused by Plaintiff, Sterling or other third parties or intervening forces over which Defendants have no legal responsibility or control.

**Tenth Affirmative Defense**

Some or all of Plaintiffs' alleged damages must be reduced or eliminated because they failed to mitigate their purported damages.

**Eleventh Affirmative Defense**

Plaintiffs are not entitled to any injunctive or other equitable relief because injunctive relief is not available to private litigants under the FCRA. Even if injunctive relief is available – which Defendants deny – Plaintiffs have not alleged, and cannot establish, any facts showing entitlement to injunctive or equitable relief.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred under the doctrines of waiver, estoppel, laches and unclean hands.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the applicable statute of limitations set forth in 15 U.S.C. § 1681p.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred by the qualified immunity provision of 15 U.S.C. § 1681h(e).

**Fifteenth Affirmative Defense**

The damages that Plaintiffs seek would be disproportionate to the harm alleged or suffered by Plaintiffs, and would violate Defendants' constitutional rights.

**Sixteenth Affirmative Defense**

The purported classes cannot be certified under Federal Rule of Civil Procedure 23 because, among other things, the purported classes, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority and predominance requirements for class action.

**Seventeenth Affirmative Defense**

This action cannot be maintained as a class action because Plaintiffs seek to certify putative classes that consist of members who lack Article III standing, and have not suffered any injury-in-fact as a result of any of Defendants' alleged acts or omissions.

**Eighteenth Affirmative Defense**

This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged classes, but, instead, are highly specific and will vary dramatically from person to person, and because class membership is not ascertainable.

**Nineteenth Affirmative Defense**

The purported claims made by Plaintiffs and the putative members of the purported class on whose behalf Plaintiffs purport to sue are precluded because the alleged conduct would have affected, if anyone, only an insubstantial number of putative class members.

**Defendants' Rights to Attorneys' Fees**

Plaintiffs' Amended Complaint is without evidentiary support, and was filed in bad faith or for the purposes of harassing Defendants. Pursuant to federal law, including but not limited to 15 U.S.C. §§ 1681n-o, Defendants are entitled to their reasonable attorneys' fees and costs in defending this action.

WHEREFORE, Defendants respectfully request that Plaintiffs take nothing from this action, and that Defendants be awarded their reasonable attorneys' fees and costs incurred herein. Defendants also request such further and supplemental relief as may be just and necessary under the circumstances.

Respectfully submitted,


*/s/ Theresa A. Queen*
Michael R. Sklaire
VSB No. 74354
Theresa A. Queen
VSB No. 44462
*Counsel for Defendants*
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Email: sklairem@gtlaw.com
Email: queent@gtlaw.com

-and-

I. William Spivey, II, *pro hac vice*
Colin S. Baker, *pro hac vice*
*Counsel for Defendants*
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 450
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
Email: spiveyw@gtlaw.com
Email: bakerco@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of August, 2017, I electronically filed the foregoing **Answer and Affirmative Defenses** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Christopher Colt North, Esquire<br>William Downing, Esquire<br>The Consumer & Employee Rights Law Firm, P.C.<br>751-A Thimble Shoals Boulevard<br>Newport News, Virginia 23606<br>Email: cnorth@aol.com<br>*Counsel for Plaintiffs Consumer Litigation Associates, P.C.* | Craig C. Marchiando, Esquire<br>Elizabeth W. Hanes, Esquire<br>Leonard A. Bennett, Esquire<br>Consumer Litigation Associates<br>763 J. Clyde Morris Boulevard, Suite 1-A<br>Newport News, Virginia 23601<br>(757) 930-3660 (O)<br>(757) 930-3662 (F)<br>Email: craig@clalegal.com<br>Email: lenbennett@clalegal.com<br>Email: elizabeth@clalegal.com<br>*Co-counsel for Plaintiffs Consumer Litigation Associates, P.C.* |

*/s/ Theresa A. Queen*
Theresa A. Queen
VSB No. 44462
*Counsel for Defendants*
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Email: queent@gtlaw.com

*LV 420965970v2*