IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EDWIN EPPS, OLIVIA TORRES AND RICHARD JONES, *on behalf of themselves and all other similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE LAKE COUNTRY CLUB, INC., OLCC VIRGINIA, LLC, ORANGE LAKE HOLDINGS, LLP,<br><br>Defendants. | CASE NO. 3:17-cv-00253JAG |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

For the reasons below, Plaintiffs' Motion or Final Approval of Class Action Settlement, Dismissal of Claims With Prejudice, and Awarding Attorneys' Fees, Costs, and Class Representative Service Awards is hereby GRANTED.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Stipulation of Settlement and all of the files, records, and proceedings

herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on June 20, 2018, of which the Class was notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies the following Settlement Class:

> All natural persons residing in the United States and its territories who, from between March 31, 2015 and November 15, 2015, received and signed a written consumer report disclosure and authorization form from Orange Lake, and on whom a background check was subsequently conducted.

There are 1,641 individual consumers who comprise the Class.

The Court appoints the Plaintiffs, Edwin Epps, Olivia Torres, and Richard Jones, as the Class Representatives. The Court has previously found adequate and appointed as Class Counsel: Leonard A. Bennett, Craig C. Marchiando, and Elizabeth Hanes of Consumer Litigation Associates, P.C., and Christopher North of The Consumer & Employee Rights Law Firm, P.C. The Court reaffirms that appointment.

Relative to the Class, the Court specifically finds:

a. The Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Class;

c. The claims of the Named Plaintiffs are typical of the claims of the Class that the Named Plaintiffs seek to represent;

d. The Named Plaintiffs and their Counsel will fairly and adequately protect the interests of the Class;

e. The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

2

  f.  Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 96% of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Class. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

No Class Member has objected to the Settlement in writing, and none raised oral objections at the Fairness Hearing.

One Class Member, Kelli Fountain, has timely and validly excluded herself from the Settlement, and will not be bound by the Settlement or any of its terms.

Having considered Plaintiffs' request for an agreed-upon Service Award of $2,500 each for Edwin Epps, Olivia Torres, and Richard Jones, the Court concludes that the awards are appropriate. No Class Member has objected to the request, and Defendants do not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiffs have earned the awards by prosecuting this case, and keeping up-to-date on the case

status through conferences with their Counsel. The Court orders these payments, totaling $7,500, be made from the Settlement Fund.

The Court likewise concludes that Plaintiff's Counsel's requested attorneys' fees of $103,770.00, which includes costs of $1,873.99, is reasonable and should be awarded. The award is to be separately paid from the Settlement Fund as follows: $25,000 to Youth Volunteer Corp of Hampton Roads; $25,948.00 to the Hampton Roads Refugee Relief Organization and $52,822.00 to Christopher C. North.[1] No Class Member has objected to the proposed award, and the Defendant does not oppose it. Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

Any Settlement Funds remaining after payments to the Settlement Class and any unexpected expenses for Class Notice will be distributed to the Virginia Law Foundation as *cy pres*.

Defendants have confirmed that they sent to the appropriate Class Action Fairness Act ("CAFA") notices on February 28, 2018. There were no objections or comments from the government officials to whom CAFA notice was sent.

The Court hereby retains jurisdiction over the Parties and the Class to ensure the effective administration of the Settlement.

Plaintiff's claims, and those of Class Members not listed above as having excluded themselves, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

6/20/18 /s/
John A. Gibney, Jr.
United States District Judge

John A. Gibney
UNITED STATES DISTRICT COURT JUDGE

---

[1] Consumer Litigation Associates, P.C. has agreed to donate their share of the Award of Attorneys' Fees to the Youth Volunteer Corp of Hampton Roads and the Hampton Roads Refugee Organization.